UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-CV-60365-WJZ

ROBYN COYNE,

    Plaintiff,

v.

PEDIATRIC SERVICES OF AMERICA, INC.
a foreign profit corporation, d/b/a PSA
HEALTHCARE, and AMIE ROTONDI

    Defendants.
_____/

## DEFENDANTS' MOTION FOR RULE 35 MENTAL EXAMINATION

Defendants', Pediatric Services of America, Inc., d/b/a PSA Healthcare ("Defendant PSA" and/or "PSA") and Amie Rotondi ("Defendant Rotondi" and/or "Rotondi"), (collectively "Defendants"), file their Motion to Conduct Mental Examination of Plaintiff, Robyn Coyne, pursuant to Rule 35 of the Federal Rules of Civil Procedure, and hereby moves this Court for an Order compelling the mental examination of Plaintiff, Robyn Coyne ("Plaintiff"), whose mental condition is "in controversy" and good cause exists for the examination. This Motion is made and based upon the following:

### BACKGROUND FACTS

1.    Plaintiff initiated this action on February 25, 2016. (ECF No. 1) In her Complaint, Plaintiff alleges exacerbation of a disability (Post Traumatic Stress Disorder) by PSA and intentional infliction of severe emotional distress against Rotondi for the acts described elsewhere in the Complaint (ECF Complaint ¶¶ 13, 14, 31, 44), including and not

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 2 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | 2

limited to, PSA's investigation of her conduct and eventual termination of her employment with them as Location Director West Palm Beach office.

2.  In her discovery responses, Plaintiff declined to identify any *mental health* care practitioners who have evaluated her for the emotional distress and damages she claims in her Complaint. *See* Excerpts of Plaintiff's discovery responses attached here as Exhibit **A**. Yet, Plaintiff identified health practitioners who specialized or had knowledge of her alleged condition. *See* Notice of Plaintiff's Answers to Defendant, Amie Rotondi's First Set of Interrogatories No. 4 and 5 attached as Exhibit A.

3.  In connection with Defendant's First Set of Interrogatories to Plaintiff, Plaintiff was asked to disclose "the names addresses and phone number of all medical providers, *psychotherapists*." *See* Notice of Plaintiff's Answers to Defendant, Amie Rotondi's First Set of Interrogatories No. 4 attached as Exhibit A. Additionally, Plaintiff's expert, Dr. Carney noted during October 2011 through April 2012, Coyne "sought care for her psychological symptoms." (ECF No. 65, pg. 3¶5). During Plaintiff's deposition testimony, she admitted to going to a marriage counselor and family counseling center. *See* Excerpts of Coyne Deposition Transcript 33:17-34:6 attached here as Exhibit B. To date, no evaluations, diagnosis, or treatment plans have been produced. Even when questioned during the deposition if Coyne had requested their files in anticipation of this litigation. Counsel for the Plaintiff stated, "you got everything we have." *See* Excerpts of Coyne Deposition Transcript 33:17-34:6 attached here as Exhibit B. According to Coyne's statements to Dr. Carney, she "received psychotherapy and treatment throughout her life for depression, anxiety, and panic disorder," *See* Dr. Carney's Expert Report (ECF No. 65, Pg. 10 ¶5). Again, the Defendants were never advised of her alleged PTSD nor has any documentation

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 3 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | 3

been provided to support the self-serving statements made by Plaintiff about her condition in this case.

4. Similarly, in Plaintiff's Initial Disclosures (ECF No. 33) served on May 3, 2016, Plaintiff set forth the following:

> Dr. Jubran Hoche and Dr. Bruce Barton, referencing both physicians are neurologists who treated the plaintiff at the onset of her alleged diagnosis, as well as, provided treatment and maintenance during her employment at PSA.

5. Finally, on September 14, 2016, in connection with her Disclosure of Expert Witnesses (ECF No. 65), Plaintiff identified Dr. Regina Carney, as a retained expert, who Plaintiff intends to call to testify on her behalf in this case.

6. The deposition of Dr. Regina Carney has been scheduled for Friday, October 21, 2016.

7. As a rebuttal witness, Defendants retained Barbara Long, MD, Ph.D., a duly licensed pyschiatrist, located in 3527 Woodhaven Road, Atlanta, GA, 30305 specializing in Psychiatry and Neurology, to perform an Independent Medical Examination of the Plaintiff. (ECF No. 67). Dr. Long is a suitably licensed examiner, and is available to examine Plaintiff on mutually agreed upon dates of October 8th and 9th or within 2 days of the Court's Order permitting the examination. Dr. Long's examination of the Plaintiff would take place in a mutually convenient location in West Palm Beach, FL.

8. Dr. Long's examination of Plaintiff is necessary to assist Defendants and their undersigned counsel to rebut Dr. Carney's Expert report (ECF No. 65), testimony and assessment Plaintiff's claims of her claims of "psychological, emotional and physical injury."

9. Plaintiff's mental condition, and in particular her emotional reaction to any

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 4 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | 4

contact with alleged harasser Defendant Rotondi, is a central issue in this case. Further, Plaintiff has alleged more than a garden variety emotional damages elaborated below. In fact, in her responses to Defendant's Rotondi's First Set of Interrogatories, Plaintiff seeks the recover in excess of $5,000,000.00 in compensation for her pain, suffering, abuse and humiliation. *See* Exhibit A. Defendants should be permitted to assess Plaintiff's claims of "psychological, emotional and physical injury" and, any conclusion drawn by Dr. Long regarding the cause of same through the use an Independent Medical Examination by a qualified expert.

10. Plaintiff has placed her mental condition in controversy in this action, good cause exists for an Independent Mental Examination.

11. Pursuant to the Local Rule, Defendants have requested that Plaintiff submit to psychological examination voluntarily. However, Plaintiff's counsel has indicated he will consider the request at this time.

## MEMORANDUM OF LAW

Consistent with Rule 35 of the Federal rules of Civil Procedure, a Court may order a party to submit to a mental examination when the party's mental condition is "in controversy" and when the moving party makes a showing of "good cause" for the examination. *Schagenhauf v. Holder, 379 U.S. 104, 118-119 (1964).* Rule 35 (a) provides in pertinent part:

> The court where the action is pending may order a party whose mental or physical condition… is in controversy, to submit to a physical or mental examination by a suitably licensed or certified examiner. The order (a) may be made only on motion for good cause and on notice to all parties; and (b) must specify the time, place, manner, conditions,

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 5 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | **5**

and scope of the examination, as well as the person or persons who will perform it.

## MENTAL CONDITION IS CLEARLY "IN CONTROVERSY" AND "GOOD CAUSE" FOR THE EXAMINATION EXISTS

The allegations in Plaintiff's Complaint coupled with Plaintiff's deposition testimony, and records from her expert witness, Dr. Carney, place Plaintiff's mental condition "in controversy" in this matter. Plaintiff alleges in the Complaint that she suffered "psychological, emotional and physical injury," and that she suffered "severe psychological and emotional distress and injury, including experiencing blinding headaches, anxiety, sleep deprivation, depression, increased feelings of insecurity, and lack of self-worth" as a result of Defendants conduct." *See* Complaint (ECF No. 1 ¶44). These allegations provide Defendants with "good cause" to have Plaintiff examined independently by a physician of their choosing. *See e.g., Gray v. Florida,* 2007 WL 2225815 (M.D. Fla. 2007) (granting motion to compel Title VII plaintiff's attendance at an IME based on *inter alia* discovery responses disclosing that plaintiff was seeking emotional distress damages:

> The plaintiff was taking an antidepressant medication, had suffered sleeplessness, and had anxiety and depression as a result of the defendant's alleged acts; and that defendant's alleged acts had aggravated plaintiff's alleged preexisting post-traumatic stress disorder. The United States Supreme Court has recognized situations where the pleadings alone are sufficient to meet the "in controversy" and "good cause" requirements of Rule 35(a). *Schlagenhauf,* 379 U.S. at 119. Examples offered by the Supreme Court include a plaintiff who asserts mental or physical injury in a negligence action, or a defendant who asserts insanity in a divorce action. *Id.*

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 6 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | **6**

In the instant case, Plaintiff's allegations in the pleadings alone are sufficient to meet the requirements for compelling the requested examination. Indeed, Plaintiff has asserted "psychological, emotional and physical injury" associated with Defendants' alleged wrongful conduct and seeks damages in connection with such injuries.[1]  *Flores-Febus v. MVM, Inc.*, 229 F.R.D. 338, 340-41 (D. P.R. June 11, 2014) (ordering plaintiff to appear for an IME where plaintiff claims " unusually severe emotional distress " and make "an allegation of a specific mental or psychiatric injury or disorder"); Plaintiff has, therefore, placed her mental condition squarely "in controversy" in this action, and a mental examination is expressly in order. *Workman v. Carolina Freight Carriers Corp., 65 Fair Empl. Prac. Cas*. 1209, 1210 (M.D. Ala. 1994) (finding that plaintiff placed her mental state at issue by claiming that she suffered severe emotional distress as a result of defendant's conduct).  Defendants should have an opportunity to have a mental health provider examine Plaintiff to test her claimed "psychological, emotional and physical injury," and, to examine the true cause of such injuries.  To the extent that this Court finds that the pleadings alone are insufficient to meet the requirements of Rule 35, Defendants submit that the requirements for ordering the requested examination are satisfied through Plaintiff's own deposition testimony, as well as, her examination of the Plaintiff in the report proffered by Dr. Carney. *See* Dr. Carney's Expert Report (ECF No. 65, Pg. 4¶2) and Exhibit B.  At her deposition, Plaintiff testified her PTSD was triggered soon after Ms. Rotondi was hired by PSA. *See* Excerpts of Coyne Deposition Transcript, 61:12-17 attached here as Exhibit B.  Plaintiff also stated Rotondi "engaged in in aggressive and provocative behavior" toward her.  *See* Dr. Carney's Expert

---

[1] In Plaintiff's Notice of Answer to Defendant Amie Rotondi's First Set of Interrogatories, Plaintiff seeks the recovery in excess of $5,000,000.00 in compensation for her pain, suffering, abuse and humiliation.

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 7 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | **7**

Report (ECF No. 65, Pg. 4¶2).  The Plaintiff went on to explain "she began experiencing full blown panic attacks with shortness of breath and palpitations as a result of Rotondi's emails and verbal approaches."  *See* Dr. Carney's Expert Report. (ECF No. 65, Pg. 4¶5).  Further, in Dr. Carney's report, the Plaintiff's expert noted that Rotondi's interaction with the Plaintiff resulted in "emotional damage" and she experienced panic attacks during the evaluation by Dr. Carney.  *See* Dr. Carney's Expert Report, (ECF No. 65, Pg. 4, ¶5).  Plaintiff stated that the effects on her life were "profound…. depressed mood, anger, fear, and panic attacks were triggered" by Defendant Rotondi's actions.  *See* Dr. Carney's Expert Report.  (ECF No. 65, Pg. 4¶5).

Plaintiff's former supervisor, Kristy Maddox, however testified during her deposition that| Plaintiff never told her about suffering from PTSD.  *See* excerpt of Kristy Maddox's deposition attached as Exhibit C, pg. 38:3-8.

> Q:	When did you first hear the term from her "post-traumatic stress disorder?"
> A:	Never.
> Q:	You never heard those words?
> A:	Never heard that.  Never heard that from her, no, sir.

Further, plaintiff's counsel asks shortly thereafter, "it is your position you did know about TN (trigeminal neuralgia), but you didn't know about PTSD?"  Maddox's response was she did not.  *See* excerpt of Kristy Maddox's deposition attached as Exhibit C, pg. 39:9-11.  Additionally, Ms. Maddox states that was correct.

More importantly, there have been no documents produced by either party that confirm such diagnosis except this expert witness report which was barely filed one week ago.  The only statements which have been made to perpetuate the alleged disability are the Plaintiff's own self-serving statements.  (ECF No. 65).  Defendants should be permitted to

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 8 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | **8**

have Dr. Long opine as to whether or not these factors could be the cause of any of her alleged emotional damages. *See Schlunt v. Verizon Directories Sales-West, Inc.*, 2006 WL 1643727 (M.D. Fla.) (looking to Title VII plaintiff's deposition testimony to find that her mental condition was "in controversy "and that "good cause" existed for examination).

Likewise, the records from expert witness, Dr. Carney, demonstrate that Plaintiff's mental state is in controversy. In *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165 (M.D. Fla. 1995), the court ruled that the defendant in that case should have the opportunity to have a mental health provider examine that plaintiff to test her claimed emotional damages. *Ali* was an age discrimination case in which the plaintiff claimed that he suffered emotional and mental distress for which he sought substantial damages. *Id*. at 167. The defendant sought a mental examination to determine "the existence and extent of plaintiff's mental distress." In support of its request, the defendant noted that the plaintiff claimed his personal character and performance were damaged, he had lost self-esteem, he was embarrassed to call on his former customers, and he had suffered severe and permanent psychological damage, humiliation and embarrassment. The plaintiff also claimed that the defendant's actions had created a great deal of anger and hatred within him, and that he had become very depressed. Based on these allegations, the court concluded, "This is clearly sufficient to place plaintiff's mental condition in controversy." *Id*. at 168.  The court went on to say:

> The court also finds that good cause has been shown for a mental examination. Plaintiff is seeking substantial damages for his alleged emotional injuries. While plaintiff may be content to offer her own testimony to a jury, defendant is not compelled to limit its case to mere cross examination. Since plaintiff's mental condition is in controversy and substantial damages are asserted, it is essential for defendant to have the reasonable opportunity to challenge plaintiff's claim and testimony. Id. (citing *Shepherd v. American Broadcasting Companies*, Inc., 151 F.R.D. 194, 213 (D.D.C.1993)). *Id.*

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 9 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | **9**

### **The Conditions Of The Requested Examination Have Been Provided to Plaintiff**

Defendants have provided Plaintiff with the information required by Rule 35 regarding the identity of the examiner and the time and proposed place of the examination. As set forth above, Defendants submit that the examination will be conducted by Dr. Long, a psychiatrist and neurologist. As reflected in her resume, the qualifications of Dr. Long to conduct a medical examination are unassailable, and the fact that she has been retained by the Defendants does not preclude her from conducting the examination. (ECF No. 67). *Hertenstein,* 189 F.R.D. at 628. Defendants request that the testing and medical examination be scheduled at a hotel conference room in Plaintiff's county of residence. The Parties have agreed that the examination, if so ordered, would take place on October 8th and 9th. Dr. Long proposes that her examination will consist of two parts. The first part requires Plaintiff to complete industry standardized psychological tests. Dr. Long estimates it will take at least three to four hours (perhaps more) depending on Plaintiff's reading level and ability to sustain attention. This will be followed on a second day during which a clinical interview will be conducted. It is critical to conduct the clinical interview on a subsequent day so as to give Plaintiff sufficient time to rest in between the two parts of the evaluation. This is of particularly importance given Plaintiff's alleged condition. It is estimated that the clinical interview will last approximately two and a half to three hours, again depending upon Plaintiff's level of cooperation and ability to sustain attention. The purpose and scope of the examination will relate solely to Plaintiff's claims of alleged disability and her damages including her "mental anguish, loss of dignity and other intangible injuries." The Parties agree that should this Court grant this Motion, the Court's Order should exclude anyone other than Dr. Long from attending the examination of Plaintiff, as it would create a

Case 0:16-cv-60365-WJZ   Document 76   Entered on FLSD Docket 09/23/2016   Page 10 of 12

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | **10**

distraction to the examination process. Although Rule 35 does not address the issue of who may be present at the examination, courts that have considered this issue have routinely recognized that the presence of others is a distraction and impediment to the examination process. *See, e.g., Abdulwali v. Washington Metro Area Transit Authority*, 193 F.R.D. 10, 14 (D.D.C. 2000) (excluding either counsel or court reporter since "psychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient"); *Hertenstein*, 189 F.R.D. at 630-631 (finding that the presence of third persons could impair the validity of a mental examination of a Title VII plaintiff and "would inject a greater degree of the adversarial process into an evaluation that is intended to be neutral").

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that she has communicated on multiple occasions with counsel for Plaintiff in a good faith effort to resolve the issues raised in this Motion, but the Parties were unable to reach an agreement on this matter.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants, PEDIATRIC SERVICES OF AMERICA, INC., D/B/A PSA HEALTHCARE and AMIE ROTONDI, respectfully request that this Court enter an Order requiring Plaintiff, ROBYN COYNE, to submit to an Independent Mental Examination by Dr. Barbara Long, Ph.D. on the agreed upon dates of October 8th and 9th or within 2 days of the Court's Order, in the scope and manner described in this Motion with Defendants to pay the costs of the examination.

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | **11**

DATED this 23rd day of September, 2016

                                                    Respectfully submitted,

                                          By: /s/ Grissel Seijo
                                                Sherril M. Colombo, Esq.
                                                Florida Bar No. 948799
                                                Email: SColombo@littler.com
                                                Grissel Seijo, Esq.
                                                Florida Bar No. 87594
                                                Email: gseijo@littler.com
                                                LITTLER MENDELSON, P.C.
                                                Wells Fargo Center
                                                333 SE 2nd Avenue
                                                Suite 2700
                                                Miami, FL 33131
                                                Telephone: 305.400.7500
                                                Facsimile: 305.603.2552

                                                PEDIATRIC SERVICES OF AMERICA,
                                                INC. AND AMIE ROTONDI

*Coyne v. Pediatric Services of America, Inc. et al.*
Case No.: 16-cv-60365-WJZ
P a g e | **12**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  of September, 2016, I certify electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Grissel Seijo
Grissel Seijo

## SERVICE LIST

COUNSEL FOR PLAINTIFF
Scott E. Tuckman
Florida Bar No. 968153
stuckman@lavinlawyers.com
Lavin Law Group, P.A.
2670 NE 215th Street
Miami, FL 33180
Telephone:    954.967.2788
Facsimile:    954.983.7021

COUNSEL FOR DEFENDANTS
Grissel Seijo, Esq.
Florida Bar No. 0085476
Email: gseijo@littler.com
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue
Suite 2700
Miami, FL  33131
Telephone:    305.400.7500
Facsimile:    305.603.2552